JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Roger Jones, appeals from the verdict in Case No. CR 395858, Cuyahoga County Court of Common Pleas, Criminal Division, in which he was found guilty of one count of felonious assault with a firearm specification. He was sentenced to two years on the underlying charge of felonious assault and to an additional three years for the firearm specification. It is from the verdict of the lower court that the appellant now appeals.[1] For the following reasons, the appeal is not well taken.
{¶ 2} The instant matter stems from an altercation which occurred on June 6, 2001 and continued into the morning of June 7, 2001. On the evening of June 6, Mark Sawyer (the victim), his sister, Michelle Sawyer, and Raeanna Rosinski drove to the home of Donald Reel to retrieve money belonging to Rosinski, which was believed to have been stolen by Reel. At his home, Reel and another individual, Thomas Guddy, confronted the victim, Rosinski and Michelle Sawyer. Reel and Guddy were armed with some type of metal pipe and a baseball bat. The victim retrieved a bat from the car in which he was riding. Thereafter, the victim, Reel and Guddy argued concerning the missing money, and at some point Guddy attempted to strike the victim, only to miss. After failing to hit the victim, Guddy fled to the side of the house and returned with a gun.[2]
Guddy placed the gun to the victim's head, threatened to kill him, then squeezed the trigger. The victim smacked the gun from Guddy's hand, and both he and Rosinski retreated to their car and drove around the corner, leaving Michelle Sawyer at Reel's home.
{¶ 3} Michelle Sawyer testified that as the victim and Rosinski drove away, she witnessed Roger Jones, the appellant, climb over the fence at the back of Reel's house. According to her testimony, Jones picked up the gun which Guddy had been holding, placed a loaded clip in the weapon, then, along with Guddy and Reel, proceeded in the direction in which the victim had fled. The victim and Rosinski had apparently driven around the corner, parked and gotten out of the car to go back to get Michelle. Michelle Sawyer further testified that as the group approached the victim and Rosinski, Jones fired three shots toward the victim. Two of the shots struck the victim in the back of the legs and exited through the front.
{¶ 4} At trial, Jones testified that his intention was only to fire warning shots, but the weapon recoiled causing the shots to deviate from the course he had intended. He argues that he was in fear for his life as the victim was highly agitated and acting like a madman. Jones further contends that the victim was running toward him with a bat in his hands, and the shots were only intended as a warning to thwart the oncoming attack.
{¶ 5} Jones was convicted of the above-stated charges, and it is from this conviction that he now appeals. The appellant presents two assignments of error for this court's review.[3] Because they have a common basis of both law and fact, we will address both assignments of error conterminously.
{¶ 6} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial. State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345.
{¶ 7} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida (1982), 457 U.S. 31, where the court held that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
{¶ 8} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 9} T here being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
{¶ 10} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact. Whether the evidence is legally sufficient to sustain a verdict is a question of law. According to Crim.R. 29:
 {¶ 11} The court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction on such offense or offenses. * * *
 {¶ 12} Whether phrased in terms of a Crim.R. 29 motion, or in terms of a sufficiency of the evidence argument, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 See State v. Thompkins (1997), 78 Ohio St.3d 380, 678, 678 N.E.2d 541; State v. Jenks (1991) 61 Ohio St.3d 259, 574 N.E.2d 492.
{¶ 13} In the case at hand, there is no evidence to indicate that the jury, or judge in this instance, lost his way and created such a manifest miscarriage of justice that the conviction must be reversed. At trial, the appellant admitted to retrieving the gun from Guddy, and although the victim had fled from the immediate area, the appellant, Guddy, and Reel proceeded in the direction in which the victim had fled.
{¶ 14} Next, the appellant contends that he fired the gun only because the victim was acting like a madman, and he feared for his well-being. The appellant's testimony is completely contradicted by the medical evidence which shows the victim was shot in the back of his legs, indicating that the victim was fleeing from the direction of the gun shots. It would take a miracle of modern physics for a bullet to enter through the back of the victim's legs if this court is to believe the appellant's assertion that the victim was charging toward him.
{¶ 15} R.C. 2903.11 defines felonious assault as follows:
{¶ 16} (A) No person shall knowingly:
{¶ 17} (1) Cause serious physical harm to another;
 {¶ 18} (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
 {¶ 19} (B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is an aggravated felony of the first degree.
{¶ 20} A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C. 2901.22(B).
{¶ 21} In reviewing the record, it is clear that sufficient evidence existed to establish the appellant's guilt beyond a reasonable doubt. The appellant fired several shots at the victim as the victim fled. The appellant's argument that the shots were fired in self-defense contradicts the law of physics and is without merit because the physical evidence revealed that the victim was shot from behind. The evidence shows the appellant arrived late to the altercation, and after the victim had fled, the appellant retrieved the gun and followed in pursuit. According to the testimony, the only reason that the victim stopped fleeing was to retrieve his sister, who had been left behind in his haste in fleeing the scene. There was no need for the appellant to pursue the victim as he was clearly outnumbered at this point. The appellant knowingly decided to fire the gun, not once, but several times, and, as such, his conviction was justified beyond a reasonable doubt. Therefore, the appellant's appeal is without merit and not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND DIANE KARPINSKI, J., CONCUR.
[1] The appellant waived his right to a trial by jury, and a bench trial was held.
[2] Testimony revealed that the victim was aware that the gun was not loaded at this point in time.
[3] {¶ a} Appellant's first and second assignments of error state:
 {¶ b} I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29.
 {¶ c} II. THE DECISION OF THE TRIAL COURT FINDING DEFENDANT GUILTY OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.